UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON LEE HILL,

                Plaintiff,

       v.

ANDREW M. SAUL,[1] Commissioner of
Social Security,

                Defendant.
_____

**DECISION
and
ORDER

19-CV-00119-LGF
(consent)**

APPEARANCES:      LAW OFFICES OF KENNETH R. HILLER
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            AMY C. CHAMBERS, of Counsel
                            6000 Bailey Avenue
                            Suite 1A
                            Amherst, New York 14226

                            JAMES P. KENNEDY, JR.
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York 14202, and

                            LAURA RIDGELL BOLTZ
                            Special Assistance United States Attorney
                            Social Security Administration
                            Office of the General Counsel
                            1961 Stout Street, Suite 4169
                            Denver, Colorado 80294-4003, and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Rule 25(d) of the Federal Rules of Civil Procedure is automatically substituted as the defendant in this suit with no further action required to continue the action.

MONA AHMED
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of the General Counsel, of Counsel
26 Federal Plaza, Room 3904
New York, New York 10278

## JURISDICTION

On October 14, 2020, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order.  (Dkt. No. 25).  The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on motions for judgment on the pleadings, filed on December 26, 2019, by Plaintiff (Dkt. No. 16), and on May 20, 2020, by Defendant (Dkt. No. 23).

## BACKGROUND and FACTS

Plaintiff Brandon Hill ("Plaintiff"), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Commissioner of Social Security ("the Commissioner" or "Defendant") decision denying his application for disability benefits for Social Security Disability Benefits ("SSDI") benefits under Title II of the Act ("disability benefits").[2]  Plaintiff, born on June 26, 1982 (R. 837),[3] is a high school graduate, lives with his son and mother, and alleges that he became disabled on August 29, 2011, when he stopped working as a result of bi-polar disorder, lumbar disc disorder, vision

---

[2] Plaintiff applied for disability benefits only.  Evidence relevant to Plaintiff's claim is therefore limited to the three-year period between Plaintiff's alleged onset date August 29, 2011, and Plaintiff's date last insured on December 31, 2014.  (R. 826,864).  *See* 42 U.S.C. § 423(a)(1)(A).

[3] "R" references are to the pages of the Administrative Record electronically filed by Defendant on July 3, 2019.  (Dkt. No. 8).

2

disorder and chronic obstructive pulmonary disease ("COPD"). (R. 225). Plaintiff's application was initially denied by Defendant on January 12, 2012 (R. 56), and pursuant to Plaintiff's request, four hearings were held before Administrative Law Judge Curtis Axelson ("Judge Axelson" or "the ALJ") on February 26, 2013 (R. 77-83),[4] July 23, 2013 (R. 84-87), October 31, 2013 (R. 88-123), and April 5, 2018 (R. 848-910), where Plaintiff, represented by Jonathan Emden, Esq. ("Emden") appeared and testified. (R. 33-70). Vocational Expert Michael Klein ("the VE" or "VE Klein"), and medical expert Robert B. Sklaroff, M.D. ("Dr. Sklaroff"), also appeared and testified. (R. 848-910). On August 26, 2018, the Appeals Council issued a Remand Order ("AC Order") (R. 911-916), and upon conducting a new administrative hearing on October 9, 2018 (R. 864-910), on October 22, 2018, Administrative Law Judge Melissa Lin Jones ("Judge Jones" or "the ALJ"), issued a decision denying Plaintiff's claim. (R. 822-47). Plaintiff filed no exceptions to the ALJ's decision with the Appeals Council, rendering Judge Jones's decision the final decision of the Commissioner for judicial review. *See* 20 C.F.R. § 404.984(d). This action followed on January 23, 2019, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On December 26, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 16-1) ("Plaintiff's Memorandum"). Defendant filed, on May 20, 2020, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No.23-1) ("Defendant's Memorandum"). On June 10, 2020, Plaintiff filed a reply to

---

[4] Plaintiff's hearing on July 9, 2013, related to Plaintiff' obtaining legal counsel.

Defendant's memorandum ("Plaintiff's Reply").  (Dkt. No. 24).  Oral argument was deemed unnecessary.

## BACKGROUND and FACTS

On December 22, 2011, Gregory Fabiano, Ph.D., ("Dr. Fabiano"), completed a psychiatric evaluation on Plaintiff, noted that Plaintiff reported activities of daily living that include dressing, bathing, cooking, cleaning, shopping, driving and fishing, and evaluated Plaintiff with the ability to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, learn new tasks, perform complex tasks independently, relate adequately with others, appropriately deal with stress, and diagnosed Plaintiff with bipolar disorder, asthma, lumbar back pain, acid reflux, and history of lymphoblastic leukemia (blood and bone marrow cancer).  (R. 426-30).

On December 29, 2011, Donna Miller, D.O. ("Dr. Miller"), completed a consultative internal medicine examination on Plaintiff, noted Plaintiff's history of back pain from lumbar punctures related to Plaintiff's leukemia, diagnosed Plaintiff with history of leukemia status post bone marrow transplant, chronic low back pain status post L5-S1[5] discectomy, asthma and COPD, and evaluated Plaintiff with  mild limitations to repetitive heavy lifting, bending and carrying, and opined that Plaintiff should avoid exposure to dust, irritants, and tobacco.  (R. 431-35).

On January 12, 2012, State agency psychologist T. Andrew ("Andrews"), completed a Psychiatric Review Technique on Plaintiff, and evaluated Plaintiff with mild

---

[5] L5 and S1 refer to numbered segments of an individual's lumbar and sacroiliac spine.

limitations to Plaintiff's activities of daily living, social functioning, concentration, persistence or pace. (R. 443-55).

On April 12, 2012, Michael Peril, M.D. ("Dr. Peril"), completed a residual functional capacity assessment of Plaintiff and opined that Plaintiff was capable of performing a full range of light work. (R. 464-69).

On June 15, 2012, Matthew A. Bennett, M.D. ("Dr. Bennett"), Plaintiff's treating neurosurgeon, noted that Dr. Bennet's office had treated Plaintiff for the previous seven years and that Plaintiff was capable of performing all job duties with limitations to climbing 10 stairs, standing in one location for 30 minutes or less, and walking for extended periods of time. (R. 561).

On April 1, 2013, Plaintiff sought treatment from James Jang, D.O. ("Dr. Jang"), for sinus congestion, cough and fever, where Dr. Jang noted that Plaintiff reported anxiety with no mood swings, depression, or panic attacks, and diagnosed Plaintiff with an upper respiratory infection. (R. 753-55).

On June 4, 2013, Elizabeth Storm, M.S.P.T. ("P.T. Storm"), Physical Therapy Director of Rehabilitation Services at Niagara Falls Memorial Medical Center, completed a residual functional capacity questionnaire on Plaintiff, noted that Plaintiff reported back pain rated as four to ten on a ten-point scale, evaluated Plaintiff with limitations to occasional sitting, standing, climbing stairs, walking, balancing on uneven surfaces, repetitive trunk rotation, working in an overhead position, and opined that Plaintiff was capable of performing a full capacity of medium exertion work but should not return to work at that level for five years after Plaintiff's bone marrow transplant in 2008. (R. 500-02).

On April 23, 2013, pain specialist Gautam Arora, M.D. ("Dr. Arora"), completed a patient intake form on Plaintiff, noted that Plaintiff reported back pain of eight on a ten-point scale with left sided tingling and numbness, and prescribed Opana (opiod) for Plaintiff's pain. (R. 788-821).  On June 6, 2013, Dr. Arora completed a medication review on Plaintiff who reported his pain medication was relieving eighty to ninety percent of Plaintiff's pain.  (R. 793).

On March 27, 2015,[6] Keith Fuleki, D.O. ("Dr. Fuleki"), completed an impairment questionnaire on Plaintiff, noted that Plaintiff's diagnoses included lumbar radiculitis, disc and endplate herniation, cervical disc herniation, generalized degenerative osteoarthritis, that Plaintiff's impairments were expected to last more than 12 months, that Plaintiff was capable of standing, walking, and working in a seated position with breaks to change positions every 30 minutes, frequent lifting and carrying up to five pounds, Plaintiff's bipolar disorder was under control without medication, Plaintiff's chronic pain would interfere with Plaintiff's concentration and attention, Plaintiff was unable to perform his past relevant work as a truck driver, and that Dr. Fuleki's findings relate back to Plaintiff's abilities in 2011.  (R. 10-14).

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the

---

[6] Although Dr. Fuleki's March 27, 2015 medical questionnaire is dated after Plaintiff's date last insured on December 31, 2014, the questionnaire is included for purposes of review here as the AC Order found such evidence new, material, and related to Plaintiff's claim under 20 C.F.R. § 404.970(b).  (R. 914).

decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. <u>Standard and Scope of Judicial Review</u>

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).  If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight.  *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).  The Commissioner's final determination will be affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the

factual findings of the Secretary,[7] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[8]  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920.  *See also*

---

[7] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[8] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

*Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of history of leukemia status post bone marrow transplant, low back pain status post L5-S1

discectomy, and COPD, that Plaintiff's impairments do not meet or medically equal a listed impairment, Plaintiff had the residual functional capacity to perform sedentary work with limitations to occasional climbing ramps or stairs, working overhead, trunk rotation, no operating foot controls, balancing, stooping, kneeling, exposure to dust, odors, gases, fumes and pulmonary irritants (R. 830-31), and that Plaintiff was unable to perform Plaintiff's past relevant work as a van and truck driver, retail clerk, fast food worker, and returns clerk.  (R. 828-37).  The ALJ further determined that jobs exist that a person of Plaintiff's age, educational background and residual functional capacity would be capable of performing that include the occupations of lens inserter, order clerk, and account clerk. (R. 838).  Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment.

## B.  Residual functional capacity

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv) and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).  To make

such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity. *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984). Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age,

such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In addition, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job. *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296.

The Second Circuit requires that all complaints . . . must be considered together in determining . . . work capacity. *DeLeon v. Secretary of Health and Human Services,* 734 F.2d 930, 937 (2d Cir. 1984). Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform past work, 20 C.F.R. § § 404.1520(a)(4)(iv), and to prove substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age,

education, experience, and training. *Parker*, 626 F.2d 225 at 231. It is improper to determine a claimant's residual work capacity based solely upon an evaluation of the severity of the claimant's individual complaints. G*old v. Secretary of Health and Human Services*, 463 F.2d 38, 42 (2d Cir. 1972).

      Plaintiff alleges that the ALJ's residual functional capacity assessment of Plaintiff is erroneous, as the ALJ improperly afforded little weight to Dr. Fuleki's finding that Plaintiff's chronic pain interferes with Plaintiff's attention and concentration and significant weight to the consultative opinions of T. Andrews and Dr. Fabiano. Plaintiff's Memorandum at 19-27. In particular, Plaintiff alleges that the ALJ erred by granting significant weight to T. Andrews's finding that Plaintiff had only mild limitations to work, and Dr. Fabiano's finding that Plaintiff's bipolar disorder was in remission and Plaintiff had only mild limitations to making proper decisions and dealing with stress, as such findings were not based on a complete review of the record and therefore unsupported by substantial evidence. Plaintiff's Memorandum at 26. Defendant maintains that the ALJ provided sufficient reasons for affording little weight to Dr. Fuleki's findings, and that Dr. Fuleki's opinion is inconsistent with the conservative nature of Plaintiff's treatment regimen and the benign findings of T. Andrews and Dr. Fabiano. Defendant's Memorandum at 13-18. In this case, the ALJ's decision to afford less weight to Dr. Fuleki's opinion is supported by substantial evidence in the record. In particular, on April 12, 2012, Dr. Peril opined that Plaintiff was capable of performing a full range of light work. (R. 464-69). On June 15, 2012, Dr. Bennett opined that Plaintiff was capable of performing all job duties with limitations to climbing 10 stairs, standing in one location for 30 minutes or less, and walking for extended periods of time. (R. 561). On

September 19, 2012, Robin Spence, D.O. ("Dr. Spence"), completed a new patient physical examination on Plaintiff, and evaluated Plaintiff with normal neck range of motion, normal muscle strength in the upper and lower extremities, and no tenderness in Plaintiff's spine. (R. 776-78). Although on April 23, 2013, Plaintiff reported back pain rated as eight on a ten-point scale Plaintiff reported that his pain had improved 80 to 90 percent on June 6, 2013. (R. 793). The only evidence in the record to support Plaintiff's alleged inability to work is a note by P.T. Storm that Plaintiff was capable of performing work at a medium level of exertion but should not return to work at that level for five years following Plaintiff's bone marrow transplant in 2008 (R. 500-02), such evidence the ALJ properly afforded less weight, as such issues are reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (statements that a claimant is "disabled" or "unable to work" are opinions on issues reserved to the Commissioner). Absent evidence of any additional limitations between Plaintiff's alleged onset date and date last insured that would otherwise erode Plaintiff's ability to function, *i.e.,* the ability to perform sedentary work with limitations to occasional climbing ramps or stairs, working overhead, rotating at the waist, no operating foot controls, balancing, stooping, kneeling, exposure to dust, odors, gases, fumes and pulmonary irritants (R. 830-31), the ALJ's residual functional capacity assessment of Plaintiff is supported by substantial evidence. (R. 16). *See Reynolds v. Commissioner of Social Security*, 2019 WL 2020999, at *4 (W.D.N.Y. May 8, 2019) (the burden to demonstrate functional limitations is the claimant's). Plaintiff's motion on this issue is therefore DENIED.

    Plaintiff's further contention, Plaintiff's Memorandum at 29-30, that the ALJ erred by not adhering to the AC Order to provide sufficient reasons for affording little weight to

13

Dr. Fuleki's findings is also without merit. In this case, the ALJ supported the ALJ's decision to afford little weight to Dr. Fuleki's findings with Plaintiff's reported activities of daily living that included travel (R. 881-82), going fishing, playing bingo, cooking, playing games with his son, and shopping (R. 836), and noted the inconsistency of Dr. Fuleki's findings with P.T. Storm's residual functional capacity evaluation of Plaintiff. (R. 836). The ALJ thus fully complied with the AC Order to provide sufficient reasons for affording little weight to Dr. Fuleki's opinion. *See* 20 C.F.R. § 404.1427(c)(4) (the more consistent an opinion is with the medical record the more weight should be afforded to the opinion). Plaintiff's motion on this issue is therefore DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. No. 16) is DENIED; Defendant's motion (Dkt. No. 23) is GRANTED. The Clerk of the Court is ordered to close the file. SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   December 17, 2020
         Buffalo, New York